# CHRISTEN et al, *Respondents,*
## *v.*
# MALCO, *Appellant.*
## (No. 409-320, SC 24598)

569 P2d 602

Emil Berg, Portland, argued the cause for appellant. On the briefs were Bruce W. Towsley, and Kennedy, Bowles & Towsley, Portland.

Monte E. Walter, of Duncan & Walter, Portland, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, and Holman,* Howell, and Lent, Justices.

PER CURIAM.

---

*Holman, J., did not participate in this decision.

## PER CURIAM.

■ This case involves a dispute between two neighbors over the property line between their respective properties. Plaintiffs filed a suit seeking to enjoin defendants from trespassing upon a nine-foot strip claimed by plaintiffs and seeking damages for past trespasses.[1] The trial court found for plaintiffs, entered a decree enjoining future trespasses, and awarded damages to plaintiffs.[2] We affirm.

■ Plaintiffs are the owners of Lots 3 and 4 except the east nine feet of Lot 4, Block 2, Oak Knoll, in Portland. Defendant's property, Lot 1 and the east nine feet of Lot 4, adjoins plaintiffs' property on the east. Defendant contends, in effect, that he owns another nine feet or portion thereof in addition to the east nine feet of Lot 4.

Plaintiffs have lived on their property since 1920. In 1922 plaintiffs' father constructed a steel and wire fence on the property line marking the nine-foot boundary between the two lots and planted shrubs along the fence. Apparently defendant acquired his property in 1966. Shortly thereafter defendant removed the fence from its original position and moved it another nine feet west into plaintiffs' Lot 4. At the same time defendant tore out some of the shrubs and flowering trees along the fence.

In 1968 the parties litigated their property dispute in the circuit court for Multnomah County, and defendant lost and was required to pay $120 damages, apparently for the destruction of the fence and shrubs.[3]

---

[1] There is some question whether plaintiffs' cause was in law or in equity but plaintiffs primarily are seeking to enjoin a continuing trespass and, incidentally, to recover damages. We will treat it as a suit in equity and review de novo.

[2] Defendants Hubert Malco and his wife, Anita, were dismissed as defendants pursuant to stipulation.

[3] The file in the previous litigation should have been, but was not, introduced in evidence in this suit. However, defendant testified that he had accepted the line established by the court and that he was not the owner.

Any further discussion of the facts would not be of any benefit to anyone, including the parties. It is sufficient to say that we have reviewed all the maps and drawings introduced in evidence and read the transcript. The trial court viewed the premises. Our de novo review completely supports the decree of the trial court that defendant is not entitled to an additional nine feet of plaintiffs' property or any portion thereof. We should also observe that the record is difficult to follow because the witnesses continually referred to "here" and "there" on the maps and in some cases failed to refer to the exhibit number of the map or drawing being considered.[4]

■  We also note that defendant resorted to self-help in several instances during this dispute by tearing out shrubs and dumping debris on the disputed nine feet of property. However, we do not feel that the record supports the award of $3,500 damages to plaintiffs. We find that plaintiffs only proved damages amounting to $70 for removal of the debris on the strip, $245 for replacement of shrubs and lawn, and $60 for replacement of the fence, for a total of $375. The decree should be modified to award damages of $375.

Affirmed as modified. Costs are awarded to plaintiffs.

---

[4] We note that counsel for the defendant-appellant was not the trial counsel.